OLD COLONY AND FALL RIVER RAILROAD COMPANY *vs.* INHABITANTS OF THE COUNTY OF PLYMOUTH.

OLD COLONY RAILROAD CORPORATION *vs.* SAME.

A railroad corporation is entitled to damages for land taken by the laying out of a public highway across its railroad, subject to its use for said road; and for the expense of erecting and maintaining railroad signs and cattle guards at the crossing, and of flooring the same and keeping it in repair; but not for any increased liability from accidents, for the increased expense of ringing the bell, or for its liability to be ordered by the county commissioners to build a bridge for the highway over its track.

In assessing damages occasioned to a railroad corporation by the location of a highway across its track, supposed benefit by an increase of travel on the railroad cannot be set off.

PETITIONS by a railroad corporation for the assessment of damages occasioned by the laying out of two highways across their railroad in Abington. The petition first named was filed after, and the other before, the union of the Old Colony Railroad Corporation and the Fall River Railroad Company, under *St.* 1854, *c.* 133.

At the trial of each case before a sheriff's jury, the petitioners introduced warranty deeds from the former owners of a strip of land four rods wide, along which their railroad was laid, and which was crossed by the highway in question ; and offered evidence of the value of the land ; and claimed damages " for the taking of their land, four rods wide, and used for their railroad track, and laying said highway across or over said land and track ; for increased liability to damage from accidents from collision and otherwise, by reason of the laying out of said highway at grade over their track ; for expense of making and maintaining sign boards at said crossing ; for making and maintaining cattle guards alleged to be rendered necessary by reason of said crossing at grade ; for expense of planking and keeping the planks in repair where highway crosses their track ; for increased expense for ringing bell as required by law ; and for liability of being ordered by county commissioners to build a bridge for the highway over the railroad track."

The respondents contended that although the deeds in form conveyed a fee, the petitioners had an easement only, so far as was necessary for the purposes of their railroad, and were not entitled to recover any damages of the county for merely crossing their railroad by a highway at grade ; and that if the county was liable at all it was not liable for any of the items of damage claimed ; and objected to all the evidence offered.

The sheriff in the first case rejected all the evidence, and instructed the jury that they were not legally empowered to order by their verdict that a bridge should be built across the railroad, although prayed for in the petition. In the second case he ad-

mitted all the evidence offered, and instructed the jury that all the items claimed were elements of damage to be considered by them.

No testimony was introduced by the respondents to show any benefit to the petitioners by way of set-off. But the sheriff, against the petitioners' objection, permitted the respondents' counsel in the second case to argue that the jury might allow, by way of set-off, the benefit, if any, which would result from said highway to the property of the plaintiffs, as a feeder to said railroad; and, at the request of the respondents, instructed the jury " that, in estimating the damages sustained by the petitioners in their property by the laying out of said highway, they should take into consideration all the damage done to the petitioners, whether by taking their property or injuring it in any manner ; and should allow, by way of set-off, the benefit, if any, to the property of the plaintiffs, by reason of such laying out."

The jury in each case returned a verdict for the respondents, which was accepted by the court of common pleas, and the petitioners appealed.

These cases were argued together at Boston in January 1859.

*C. G. Davis*, for the petitioners. 1. A railroad corporation in this commonwealth may hold the fee or any lesser estate in land, and has the same right as a private person to damages for land taken or for injury to property under an appropriation for a turnpike, a highway or another railroad, under the right of eminent domain. *Sts.* 1844, *c.* 100, § 3; *c.* 150, § 5. Rev. Sts. *c.* 2, § 6, *cl.* 10, 13 ; *c.* 24, §§ 11, 13, 31; *c.* 39, §§ 55, 56 ; *c.* 44, § 6. Angell & Ames on Corp. § 110. *Worcester* v. *Western Railroad,* 4 Met. 564. *Lyman* v. *Boston & Worcester Railroad,* 4 Cush. 288. *Fitchburg Railroad* v. *Boston & Maine Railroad,* 3 Cush. 82. *White River Turnpike* v. *Vermont Central Railroad,* 21 Verm. 590. Redfield on Railways, § 69, art. 5. Turnpikes, although in a certain sense public highways, have the same right to damages. *Troy & Boston Railroad* v. *Northern Turnpike,* 16 Barb. 100. *Ellicottville & Great Valley Plank Road* v. *Buffalo & Pittsburgh Railroad,* 20 Barb. 644. *Seneca*

*Railroad* v. *Auburn & Rochester Railroad,* 5 Hill, 170. *Tucka-hoe Canal* v. *Tuckahoe & James River Railroad,* 11 Leigh, 42. Redfield on Railways, § 76, arts. 2, 5. Even if the petitioners held a mere right of way, they were entitled to some damage. *Parker* v. *Boston & Maine Railroad,* 3 Cush. 107.

2. Consequential damages, if immediate and appreciable, or certain, are to be assessed by a jury upon the laying out of a highway. Rev. Sts. *c.* 39, § 56. *Parker* v. *Boston & Maine Railroad,* 3 Cush. 107. *Dodge* v. *County Commissioners,* 3 Met. 380. *Ashby* v. *Eastern Railroad,* 5 Met. 368. *Commonwealth* v. *Coombs,* 2 Mass. 492. Pierce on Railroads, 184, 203, 204, note.

3. The jury had the power of determining whether there should be a bridge or not. *Merrill* v. *County of Berkshire,* 11 Pick. 269.

4. The ruling in the second case, allowing the set-off, as asked by the respondents, was incorrect, because it allowed the jury to take into consideration contingent, indirect, remote and speculative benefits. *Meacham* v. *Fitchburg Railroad,* 4 Cush. 291. *Canandaigua & Niagara Falls Railroad* v. *Payne,* 16 Barb. 273. Redfield on Railways, § 71, art. 6, note. Pierce on Railroads, 206–208, and cases cited.

*J. J. Clarke,* (*P. Simmons* with him,) for the respondents. 1. The petitioners are not " persons " within the provision of Rev. Sts. *c.* 24, §§ 11, 13, for the estimation of damages done to private property by the laying out of a highway at grade, unless they were the owners of the land alleged to be injured. *Andover* v. *Sutton,* 12 Met. 188.

The petitioners have only an easement, so far as is necessary for railroad purposes, in the land crossed by the highway, although the form of the deed of conveyance is that of a fee simple. The land is not the property of the plaintiffs, within the meaning of Rev. Sts. *c.* 24, § 11. *St.* 1844, *c.* 150, § 5. Rev. Sts. *c.* 39, § 55 ; *c.* 44, § 6. Redfield on Railways, § 69. *First Parish in Sutton* v. *Cole,* 3 Pick. 239, 240. *Andover* v. *Sutton,* 12 Met. 188. *Millbury* v. *Blackstone Canal,* 8 Pick. 473. *United States* v. *Harris,* 1 Sumner, 21. *Dean* v. *Sullivan Rail*

road, 2 Foster, 316. *Henry* v. *Dubuque & Pacific Railroad*, 2 Iowa, 288. *Bostock* v. *North Staffordshire Railway*, 3 Sm. & Gif. 283.

If the petitioners sustained any injury to their land, it was a public injury, an injury to them as owners or proprietors of a public highway, for which no right of action accrued to them. *Brainard* v. *Connecticut River Railroad*, 7 Cush. 510, 511. *Proprietors of Locks & Canals* v. *Nashua & Lowell Railroad*, 10 Cush. 391. *Newburyport Turnpike* v. *Eastern Railroad*, 23 Pick. 326. *Commonwealth* v. *Wilkinson*, 16 Pick. 175. *West Boston Bridge* v. *County Commissioners*, 10 Pick. 272. *Wellington, petitioner*, 16 Pick. 87. *Blood* v. *Nashua & Lowell Railroad*, 2 Gray, 140. *Smith* v. *Boston*, 7 Cush. 255. Declaration of Rights, Art. 10. U. S. Const. Amendment 5.

Railroads have been, and may be now, lawfully laid out across turnpikes and highways on a level, without any liability to compensate the towns, corporations or persons damaged thereby. Rev. Sts. *c.* 39, §§ 66, 67, 69, 72. *Newburyport Turnpike* v. *Eastern Railroad*, 23 Pick. 328, 329. The damage occasioned to railroads by the laying out of highways across them at grade is of the same character and less in degree.

The legislature treat railroads and highways as public works, and intend so to regulate them as to prevent either from sustaining any damage by reason of the proper exercise by the other of its peculiar rights. Rev. Sts. *c.* 39, §§ 66–70, 72, 80. *Sts.* 1842, *c.* 22; 1846, *c.* 271; 1849, *c.* 159; 1855, *c.* 452; 1857, *c.* 287. The right of the owners of private ways to damages depends on a peculiar statute. Rev. Sts. *c.* 39, § 71. *Parker* v. *Boston & Maine Railroad*, 3 Cush. 114.

2. The evidence offered to show the necessity of planking the crossing and keeping it in repair, and the expense of erecting and maintaining a sign, was inadmissible; because it did not show a taking of private property for public uses, and because property like a railroad is held subject to the incident of being so crossed by a highway. If there be any damage therefrom, it is *dammum absque injuria*, and results necessarily from the intercourse and contact of the different species of public ways.

Hence turnpikes can claim no damage for the crossing of high-ways nor for lessening their tolls.  *Roxbury* v. *Boston & Provi-dence Railroad*, 6 Cush. 429.  *Commonwealth* v. *Boston & Maine Railroad*, 3 Cush. 44.  *Fitchburg Railroad* v. *Boston & Maine Railroad*, 3 Cush. 88.  *Springfield* v. *Connecticut River Railroad*, 4 Cush. 72.  *Callender* v. *Marsh*, 1 Pick. 430.  *Proprietors of Locks & Canals* v. *Nashua & Lowell Railroad*, 10 Cush. 387, 391.  *Brainard* v. *Connecticut River Railroad*, 7 Cush. 506. *Smith* v. *Boston*, 7 Cush. 255.  *Blood* v. *Nashua & Lowell Rail-road*, 2 Gray, 137.  *Caledonian Railway* v. *Ogilvy*, 29 Eng. Law & Eq. 22.

The evidence of possible future requisitions upon the peti-tioners to construct cattle guards and to build a bridge, of increased liability from injuries to persons and property, and of possible depreciation of property, are much too remote and con-jectural for computation.  *Same cases.  Patterson* v. *Boston*, 20 Pick. 159.  *Loker* v. *Damon*, 17 Pick. 288.  *First Parish in Wo-burn* v. *County of Middlesex*, 7 Gray, 106.  *Brown* v. *Provi-dence, Warren & Bristol Railroad*, 5 Gray, 35.

3. The instruction that the jury had no power to order the building of a bridge was correct.  Rev. Sts. *c.* 24, § 13.  *Merrill* v. *County of Berkshire*, 11 Pick. 275.

4. The petitioners have no cause of exception to the ruling of the sheriff upon the set-off of benefits, which was in the very language of the Rev. Sts. *c.* 24, § 31.

SHAW, C J.   We believe it has never yet been judicially de-termined that a railroad corporation who have, in the ordinary course of business, under an act of incorporation, built a road, and have it in full operation, can recover damages for injuries occasioned by laying out other ways, say public highways and town ways, turnpikes and other railroads over it.  But the tendency of judicial opinion has been that they may.   The language of the Constitution, in which the right to damages oc-casioned by the exercise of the power of eminent domain is given to all persons, whose property is appropriated to the public use, and not previously acquired (as it lawfully may be) by purchase of the owner, is strong and decisive in favor of such a claim.

Nor is it in our judgment material whether the property thus taken or appropriated is real estate held in fee, or an easement or lien upon real estate, or personal property. The word " property " in the tenth article of the Bill of Rights, which provides that " whenever the public exigencies require that the property of any individual should be appropriated to public uses, he shall receive a reasonable compensation therefor," should have such a liberal construction as to include every valuable interest which can be enjoyed as property and recognized as such.

Nor is it material whether the property is removed from the possession of the owner, or in any respect changes hands ; if it is of such a character and so situated that the exercise of the public use of it, as warranted by the legislature, does in its necessary natural consequences, affect the property, by taking it from the owner, or depriving him of the possession or some beneficial enjoyment of it, then it is " appropriated " to public use by competent authority, and the owner is entitled to compensation.

It is perfectly well settled that property thus taken for a railroad, though it is through the medium of a corporation, who provide the capital, build and conduct the works, and find their reimbursement in tolls, fares and freights given by statute, is taken for a public use. If it could be held that because the power and the property were given to a corporation, it was not for a public object or purpose, but for the benefit of the corporation and their members, like that of a bank or trading company, then it would be an appropriation of private property by the. legislature, under the pretence of the power of eminent domain, . and plainly unconstitutional and void.

No ; the vague notion that damages cannot be given in favor of a railroad company whose road is crossed by another public way, we think, is founded on another consideration ; that inasmuch as the track of the railroad has been already appropriated to one public use, the authorizing of its further public use is not an appropriation of private property to public use, and therefore affords no claim for damages. There is something plausible in this; but on examination we think it does not

14*

warrant the distinction in support of which it is relied on.    The theory of railroad corporations is that their compensation in freights and passengers' fares is computed with reference to the entire cost of construction, including the land appropriated for the purpose.    A similar view was taken of the subject by this court in the case of *Commonwealth* v. *Boston & Maine Railroad*, 3 Cush. 25, in which the whole plan and scheme upon which the public easement of railroads is acquired in Massachusetts, as set forth in the revised statutes, were stated; and these views, we believe, have been substantially adopted and acted upon since.

The petitioners in the present case were incorporated in the usual form, and were made subject to the duties and obligations and entitled to all the rights and privileges and immunities in the revised statutes.

The court are therefore of opinion that a railroad company whose tracks have been crossed by public ways may sustain and recover damages in the usual modes provided for others sustaining damages by the appropriation of their property.

Here were two distinct cases of so laying out a highway across the petitioners' road, in each of which the jury found that the railroad company were not entitled to any damages; and, these verdicts having been accepted by the court of common pleas, this court is of opinion that these judgments are erroneous, and they must be set aside and new warrants issued.

As instructions were given provisionally in one or both of the cases by the sheriff as to the nature and quantum of damages to be recovered, and these questions therefore have been brought before the court in the argument; so far as the court have formed opinions, they are here briefly stated, that they may have their proper influence on the new trials.

The petitioners are entitled to recover damages for taking their land for the purposes of a highway, subject however to its use for a railroad; for the expense of erecting and maintaining signs required by law at the crossing; for making and maintaining cattle guards at the crossing, if necessary; and for the expense of flooring the crossing, and keeping the planks in repair.

The petitioners are not entitled to recover for the other ele-
ments of damage, which were allowed by the sheriff in the
second case.

The respondents are not entitled to set off any supposed ben-
efit which may accrue to the petitioners by reason of an increase
of travel on the railroad, caused by the construction of the high-
way.                                             *Verdicts set aside.*